**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:2023-cv-24861**

JENNIFER BELL, JENNIFER BUFFAN,
KAYLEE CASILLAS, JAMES
DOUGLAS JR., CHARLETA
HATCHETT, JADA HOGGARD,
JERMAINE JACKSON, JAVONNEY
and EMMANUEL KISSI, MICHAEL
ROZENTAL, KELSEY SCALES
REBECCA SCHUSTER, EMILY
HOLMES TURNER and BLAKE
TURNER, TAMMY and THOMAS
WAGNER, and NANCY and DAVID
WILLIAMSON, individually and on
behalf of themselves and all others
similarly situated,

       Plaintiffs,

v.

WANABANA LLC and WANABANA
USA LLC,

       Defendants.

_____/

**ANSWER OF WANABANA USA LLC**

Defendant WANABANA USA LLC ("Wanabana USA"), by and through undersigned

counsel, submits the following Answer and Additional Defenses to the Complaint.

**GENERAL DENIAL**

Except for the admissions specifically set forth below, to the extent a response is required,

Wanabana USA denies each and every allegation set forth in Paragraphs 1 through 348 of the

Complaint for lack of knowledge or information sufficient to form a belief as to the truth of such

allegations or because such allegations are not true, just as if such allegations were set forth at

length and specifically denied. Further, Wanabana USA denies that Plaintiffs are entitled to relief of any kind from it.

## ALLEGATIONS IMPROPERLY DIRECTED AT BOTH DEFENDANTS

Many of the allegations of the Complaint are directed to the Defendants collectively, or without specificity as to which Defendant Plaintiffs are referring to.  Wanabana USA is not answering any of the allegations of the Complaint on behalf of any entity other than Wanabana USA.

## FURTHER ADDITIONAL RESPONSES

1.      Wanabana USA denies the allegations in Paragraph 1 of the Complaint, except that it admits that Plaintiffs have filed the captioned lawsuit.

2.      Wanabana USA admits that Plaintiffs purport to seek injunctive and monetary relief.  Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint and therefore denies them.

3.      Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies them.

## THE PARTIES

4.      Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore denies them.

5.      Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies them.

6.      Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies them.

7.      Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies them.

8.      Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore denies them.

9.      Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore denies them.

10.      Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies them.

11.      Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies them.

12.      Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies them.

13.      Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies them.

14.      The allegations in Paragraph 14 of the Complaint are not directed at Wanabana USA and therefore do not require a response.

15.      In response to Paragraph 15 of the Complaint, Wanabana USA states that it is a limited liability corporation organized under the laws of Delaware.[1]

16.      The allegations contained in Paragraph 16 of the Complaint (including all sub-parts) contain legal conclusions to which no response is required.

---

[1] Wanabana USA acknowledges that electronic articles of organization for another entity named Wanabana USA LLC were filed in Florida on October 25, 2023. This filing was inadvertent. To the extent that the Florida filing is even valid, such entity has no connection to the allegations in Plaintiffs' Complaint. The Wanabana USA LLC entity organized in Delaware is the entity answering the Complaint.

17.     The allegations contained in Paragraph 17 of the Complaint (including all sub-parts) contain legal conclusions to which no response is required.  To the extent a response is required, Wanabana USA states that it imported the recalled WanaBana product that is the basis of Plaintiffs' lawsuit into the United States and then distributed it to other locations in the United States.  Wanabana USA denies the remainder of the allegations in Paragraph 17 of the Complaint and denies that it is subject to personal jurisdiction in Florida.

18.     The allegations contained in Paragraph 18 of the Complaint (including all sub-parts) contain legal conclusions to which no response is required.  To the extent a response is required, Wanabana USA denies the allegations in Paragraph 18 of the Complaint.

## FACTUAL ALLEGATIONS

19.     Paragraph 19 of the Complaint purports to describe statements on the https://wanabana.com/ website, the contents of which speak for themselves. The allegations in Paragraph 19 of the Complaint are otherwise denied.

20.     Paragraph 20 of the Complaint purports to describe statements on the https://wanabana.com/ website, the contents of which speak for themselves. The allegations in Paragraph 20 of the Complaint are otherwise denied.

21.     Paragraph 21 of the Complaint purports to describe statements on the packaging of the WanaBana Apple Cinnamon Fruit Puree product ("the recalled WanaBana product"), the contents of which speak for themselves. The allegations in Paragraph 21 of the Complaint are otherwise denied.

22.     Wanabana USA denies the allegations in Paragraph 22 of the Complaint.

23.     The allegations in Paragraph 23 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA lacks

SQUIRE PATTON BOGGS (US) LLP
1100342949\4\AMERICAS

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore denies them.

24.     The allegations in Paragraph 24 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies them.

25.     The allegations in Paragraph 25 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies them.

26.     The allegations in Paragraph 26 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore denies them.

27.      Wanabana USA denies the allegations in Paragraph 27 of the Complaint.

28.     The allegations in Paragraph 28 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 28 of the Complaint.

29.     Wanabana USA denies the allegations in Paragraph 29 of the Complaint.

30.     The allegations in Paragraph 30 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore denies them.

1100342949\4\AMERICAS

31.     Paragraph 31 of the Complaint purports to describe statements on the https://wanabana.com/ website, the contents of which speak for themselves. The allegations in Paragraph 31 of the Complaint are otherwise denied.

32.     Paragraph 32 of the Complaint purports to describe statements on the https://wanabana.com/ website, the contents of which speak for themselves. The allegations in Paragraph 32 of the Complaint are otherwise denied.

33.     Paragraph 33 of the Complaint purports to describe statements on the https://wanabana.com/ website, the contents of which speak for themselves. The allegations in Paragraph 33 of the Complaint are otherwise denied.

34.     Paragraph 34 of the Complaint purports to describe statements on the https://wanabana.com/ website, the contents of which speak for themselves. The allegations in Paragraph 34 of the Complaint are otherwise denied.

35.     Paragraph 35 of the Complaint purports to describe statements on unidentified "marketing materials" and "labeling." If these materials exist, their contents speak for themselves. The allegations in Paragraph 35 of the Complaint are otherwise denied.

36.     In response to Paragraph 36, Wanabana USA states that the FDA has reported finding lead in the recalled WanaBana product and otherwise denies the allegations in Paragraph 36 of the Complaint.

37.     In response to Paragraph 37, Wanabana USA states that the FDA has reported finding lead in the recalled WanaBana product but otherwise denies the allegations in Paragraph 37 of the Complaint.

38.     Wanabana USA denies the allegations in Paragraph 38 of the Complaint.

39.     The allegations in Paragraph 39 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore denies them.

40.     The allegations in Paragraph 40 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies them.

41.     Wanabana USA denies the allegations in Paragraph 41 of the Complaint.

42.     Wanabana USA denies the allegations in Paragraph 42 of the Complaint.

43.     Wanabana USA denies the allegations in Paragraph 43 of the Complaint.

44.     Wanabana USA denies the allegations in Paragraph 44 of the Complaint.

45.     Wanabana USA denies the allegations in Paragraph 45 of the Complaint.

46.     Wanabana USA denies the allegations in Paragraph 46 of the Complaint.

47.     Wanabana USA denies the allegations in Paragraph 47 of the Complaint.

48.     The allegations contained in Paragraph 48 of the Complaint (including all sub-parts) contain legal conclusions to which no response is required.  To the extent a response is required, Wanabana USA denies the allegations in Paragraph 48 of the Complaint.

49.     Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and therefore denies them.

50.     Paragraph 50 of the Complaint purports to describe statements by the FDA and the North Carolina Department of Health and Human Services ("NCDHHS"), the contents of which speak for themselves.

SQUIRE PATTON BOGGS (US) LLP
1100342949\4\AMERICAS

51.     Paragraph 51 of the Complaint purports to describe statements by the FDA, the contents of which speak for themselves.

52.     Paragraph 52 of the Complaint purports to describe statements by the FDA, the contents of which speak for themselves.

53.     Paragraph 53 of the Complaint purports to describe statements by the FDA, the contents of which speak for themselves.

54.     Paragraph 54 of the Complaint purports to describe statements and actions by the FDA and NCDHHS, which speak for themselves.

55.     Paragraph 55 of the Complaint purports to describe statements and actions by the FDA and NCDHHS, which speak for themselves.

56.     Wanabana USA admits that it voluntarily recalled WanaBana Apple Cinnamon Fruit Puree pouches, but otherwise denies the allegations in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint refers to and purports to describe statements by the FDA concerning a statement by Wanabana USA, the contents of which speak for themselves.

58.     Paragraph 58 of the Complaint purports to describe statements and actions by the FDA, which speak for themselves.

59.     Wanabana USA denies the allegations in Paragraph 59 of the Complaint, except to the extent that Paragraph 59 of the Complaint purports to describe actions or statement by the FDA, the contents of which speak for themselves.

60.     Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and therefore denies them.

61.     Wanabana USA denies the allegations in Paragraph 61 of the Complaint.

62.     Wanabana USA denies the allegations in Paragraph 62 of the Complaint.

SQUIRE PATTON BOGGS (US) LLP

63.     Wanabana USA denies the allegations in Paragraph 63 of the Complaint.

64.     Wanabana USA denies the allegations in Paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint purports to describe statements by the FDA and the World Health Organization ("WHO"), as described in a report by the U.S. House of Representatives Committee on Oversight and Reform, the contents of which speak for themselves.

66.     Paragraph 66 of the Complaint purports to describe statements by the FDA, the contents of which speak for themselves.

67.     Wanabana USA denies the allegations in Paragraph 67 of the Complaint, except to the extent that Paragraph 67 of the Complaint purports to describe a statement by the WHO, the contents of which speak for themselves.

68.     Wanabana USA denies the allegations in Paragraph 68 of the Complaint, except to the extent that Paragraph 68 of the Complaint purports to describe a statement by the WHO, the contents of which speak for themselves.

69.     Wanabana USA denies the allegations in Paragraph 69 of the Complaint, except to the extent that Paragraph 69 of the Complaint purports to describe a statement by the WHO, the contents of which speak for themselves.

70.     Wanabana USA denies the allegations in Paragraph 70 of the Complaint, except to the extent that Paragraph 70 of the Complaint purports to describe a statement by the WHO, the contents of which speak for themselves.

71.     Wanabana USA denies the allegations in Paragraph 71 of the Complaint, except to the extent that Paragraph 71 of the Complaint purports to describe a statement by the WHO, the contents of which speak for themselves.

SQUIRE PATTON BOGGS (US) LLP

1100342949\4\AMERICAS

72.     Wanabana USA denies the allegations in Paragraph 72 of the Complaint, except to the extent that Paragraph 72 of the Complaint purports to describe a statement by the WHO, the contents of which speak for themselves.

73.     Paragraph 73 of the Complaint purports to describe statements by the Centers for Disease Control ("CDC"), the contents of which speak for themselves.

74.     Paragraph 74 of the Complaint purports to describe statements by the CDC, the contents of which speak for themselves.

75.     Paragraph 75 of the Complaint is not directed to Wanabana USA and does not require a response. To the extent a response is required, Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and therefore denies them.

76.     Paragraph 76 of the Complaint purports to describe statements on the packaging of the recalled WanaBana product, the contents of which speak for themselves. The allegations in Paragraph 76 of the Complaint are otherwise denied.

77.     Wanabana USA states that the recalled WanaBana product that is the basis of Plaintiffs' lawsuit was manufactured in Ecuador by another company and imported into the United States by Wanabana USA and distributed to locations in the United States. Wanabana USA denies the remainder of the allegations in Paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint purports to describe statements on the https://wanabana.com/ website, the contents of which speak for themselves. The allegations in Paragraph 78 of the Complaint are otherwise denied.

79.     Wanabana USA denies the allegations in Paragraph 79 of the Complaint.

SQUIRE PATTON BOGGS (US) LLP

1100342949\4\AMERICAS

80.     The allegations in Paragraph 80 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 80 of the Complaint.

81.     The allegations in Paragraph 81 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint and therefore denies them.

82.     The allegations in Paragraph 82 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint and therefore denies them.

83.     The allegations in Paragraph 83 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint and therefore denies them.

84.     Wanabana USA denies the allegations in Paragraph 84 of the Complaint.

85.     Wanabana USA denies the allegations in Paragraph 85 of the Complaint.

86.     Wanabana USA denies the allegations in Paragraph 86 of the Complaint.

87.     Wanabana USA denies the allegations in Paragraph 87 of the Complaint.

88.     Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint and therefore denies them.

89.     Wanabana USA denies the allegations in Paragraph 89 of the Complaint.

90.     Wanabana USA denies the allegations in Paragraph 90 of the Complaint.

SQUIRE PATTON BOGGS (US) LLP

1100342949\4\AMERICAS

91.     The allegations in Paragraph 91 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 91 of the Complaint.

92.     The allegations in Paragraph 92 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 92 of the Complaint.

93.     Wanabana USA denies the allegations in Paragraph 93 of the Complaint.

94.     The allegations in Paragraph 94 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 94 of the Complaint.

95.     Wanabana USA denies the allegations in Paragraph 95 of the Complaint.

96.     Wanabana USA denies the allegations in Paragraph 96 of the Complaint.

97.     Wanabana USA denies the allegations in Paragraph 97 of the Complaint.

98.     Wanabana USA denies the allegations in Paragraph 98 of the Complaint.

99.     Wanabana USA denies the allegations in Paragraph 99 of the Complaint.

100.    Wanabana USA denies the allegations in Paragraph 100 of the Complaint.

101.    Wanabana USA denies the allegations in Paragraph 101 of the Complaint.

102.    Wanabana USA denies the allegations in Paragraph 102 of the Complaint.

103.    Wanabana USA denies the allegations in Paragraph 103 of the Complaint.

104.    Wanabana USA denies the allegations in Paragraph 104 of the Complaint.

105.    Wanabana USA denies the allegations in Paragraph 105 of the Complaint.

106.    Wanabana USA denies the allegations in Paragraph 106 of the Complaint.

107.    Wanabana USA denies the allegations in Paragraph 107 of the Complaint.

SQUIRE PATTON BOGGS (US) LLP

1100342949\4\AMERICAS

108.    Wanabana USA denies the allegations in Paragraph 108 of the Complaint.

109.    Wanabana USA denies the allegations in Paragraph 109 of the Complaint.

110.    Wanabana USA denies the allegations in Paragraph 110 of the Complaint.

111.    Wanabana USA denies the allegations in Paragraph 111 of the Complaint.

112.    Paragraph 112 of the Complaint purports to describe statements and actions by the FDA and NCDHHS, which speak for themselves.   Wanabana USA otherwise denies the allegations in Paragraph 112 of the Complaint.

113.    Wanabana USA denies the allegations in Paragraph 113 of the Complaint, as the Products were recalled and are not available for sale.

114.    The allegations in Paragraph 114 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint and therefore denies them.

115.    Wanabana USA denies the allegations in Paragraph 115 of the Complaint.

116.    Wanabana USA denies the allegations in Paragraph 116 of the Complaint.

117.    The allegations in Paragraph 117 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 117 of the Complaint.

118.    Wanabana USA denies the allegations in Paragraph 118 (including all sub-parts) of the Complaint.

## CLASS ALLEGATIONS

119.    Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have this case certified as a class action, but Wanabana USA denies that the class

SQUIRE PATTON BOGGS (US) LLP

1100342949\4\AMERICAS

certification requirements of Fed. R. Civ. P. 23 can be satisfied and states that Plaintiffs are not entitled to class certification. Wanabana USA denies any remaining allegations contained in Paragraph 119 of the Complaint.

120.  Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have this case certified as a nationwide class action. Wanabana USA denies any remaining allegations contained in Paragraph 120 of the Complaint.

121.  Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have subclasses certified in certain states. Wanabana USA denies any remaining allegations contained in Paragraph 121 of the Complaint.

122.  Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to certify a subclass in Florida using Holmes and Turner as putative representatives. Wanabana USA denies any remaining allegations contained in Paragraph 122 of the Complaint.

123.  Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to certify a subclass in Georgia using Douglass and Hoggard as putative representatives. Wanabana USA denies any remaining allegations contained in Paragraph 123 of the Complaint.

124.  Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to certify a subclass in Illinois using Casillas as a putative representative. Wanabana USA denies any remaining allegations contained in Paragraph 124 of the Complaint.

125.  Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to certify a subclass in Louisiana using Scales as a putative representative. Wanabana USA denies any remaining allegations contained in Paragraph 125 of the Complaint.

1100342949\4\AMERICAS

126.     Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to certify a subclass in Michigan using Hatchett and Jackson as putative representatives. Wanabana USA denies any remaining allegations contained in Paragraph 126 of the Complaint.

127.     Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to certify a subclass in New York using Rozental and Schuster as putative representatives. Wanabana USA denies any remaining allegations contained in Paragraph 127 of the Complaint.

128.     Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to certify a subclass in North Carolina using Bell and Williamson as putative representatives. Wanabana USA denies any remaining allegations contained in Paragraph 128 of the Complaint.

129.     Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to certify a subclass in Oregon using the Wagner Plaintiffs as putative representatives. Wanabana USA denies any remaining allegations contained in Paragraph 129 of the Complaint.

130.     Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to certify a subclass in Pennsylvania using the Kissi Plaintiffs as putative representatives. Wanabana USA denies any remaining allegations contained in Paragraph 130 of the Complaint.

131.     Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to certify a subclass in Washington using Buffan as a putative representative. Wanabana USA denies any remaining allegations contained in Paragraph 131 of the Complaint.

132.     Wanabana USA admits only that Plaintiffs allege in the Complaint that they will exclude certain persons from participation in the class action. Wanabana USA denies any remaining allegations contained in Paragraph 132 of the Complaint.

133.    The allegations contained in Paragraph 133 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Wanabana USA denies the allegations in Paragraph 133 of the Complaint.

134.    The allegations contained in Paragraph 134 of the Complaint (including all sub-parts) contain legal conclusions to which no response is required.  To the extent a response is required, Wanabana USA denies the allegations in Paragraph 134 of the Complaint.

135.    The allegations contained in Paragraph 135 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Wanabana USA denies the allegations in Paragraph 135 of the Complaint.

136.    The allegations contained in Paragraph 136 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Wanabana USA denies the allegations in Paragraph 136 of the Complaint.

137.    The allegations contained in Paragraph 137 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Wanabana USA denies the allegations in Paragraph 137 of the Complaint.

138.    The allegations contained in Paragraph 138 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Wanabana USA denies the allegations in Paragraph 138 of the Complaint.

139.    The allegations contained in Paragraph 139 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Wanabana USA denies the allegations in Paragraph 139 of the Complaint.

SQUIRE PATTON BOGGS (US) LLP

140.     The allegations contained in Paragraph 140 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Wanabana USA denies the allegations in Paragraph 140 of the Complaint.

141.     The allegations contained in Paragraph 141 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 141 of the Complaint.

## COUNT I – NEGLIGENT MISREPRESENTATION

142.     Wanabana USA incorporates its allegations, admissions, and denials in paragraphs 1-141 of the Answer as if re-written here.

143.     Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have this case certified as a nationwide class action with certain state sub-classes, but Wanabana USA denies that the class certification requirements of Fed. R. Civ. P. 23 can be satisfied and states that Plaintiffs are not entitled to class certification.  Wanabana USA denies any remaining allegations contained in Paragraph 143 of the Complaint.

144.     Wanabana USA denies the allegations in Paragraph 144 of the Complaint.

145.     Wanabana USA denies the allegations in Paragraph 145 of the Complaint.

146.     Wanabana USA denies the allegations in Paragraph 146 of the Complaint.

147.     Wanabana USA denies the allegations in Paragraph 147 of the Complaint.

148.     Wanabana USA denies the allegations in Paragraph 148 of the Complaint.

149.     Wanabana USA denies the allegations and that Plaintiffs are entitled to the relief described in Paragraph 149 of the Complaint.

## COUNT II – UNJUST ENRICHMENT

SQUIRE PATTON BOGGS (US) LLP

150.    Wanabana USA incorporates its allegations, admissions, and denials in paragraphs 1-141 of the Answer as if re-written here.   Wanabana USA objects to Plaintiffs' improper incorporation of previous counts in this Count as an improper shotgun pleading.

151.    Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have this case certified as a nationwide class action with certain state sub-classes, but Wanabana USA denies that the class certification requirements of Fed. R. Civ. P. 23 can be satisfied and states that Plaintiffs are not entitled to class certification.  Wanabana USA denies any remaining allegations contained in Paragraph 151 of the Complaint.

152.    Wanabana USA denies the allegations in Paragraph 152 of the Complaint.

153.    Wanabana USA denies the allegations in Paragraph 153 of the Complaint.

154.    Wanabana USA denies the allegations in Paragraph 154 of the Complaint.

155.    Wanabana USA denies the allegations in Paragraph 155 (including all sub-parts) of the Complaint.

156.    Wanabana USA denies the allegations in Paragraph 156 of the Complaint.

157.    Wanabana USA denies the allegations in Paragraph 157 of the Complaint.

158.    Wanabana USA denies the allegations and that Plaintiffs are entitled to the relief described in Paragraph 158 of the Complaint.

**COUNT III – BREACH OF EXPRESS WARRANTY**

159.    Wanabana USA incorporates its allegations, admissions, and denials in paragraphs 1-141 of the Answer as if re-written here.   Wanabana USA objects to Plaintiffs' improper incorporation of previous counts in this Count as an improper shotgun pleading.

160.    Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have this case certified as a nationwide class action with certain state sub-classes, but

Wanabana USA denies that the class certification requirements of Fed. R. Civ. P. 23 can be satisfied and states that Plaintiffs are not entitled to class certification. Wanabana USA denies any remaining allegations contained in Paragraph 160 of the Complaint.

161. Wanabana USA states that the recalled WanaBana product that is the basis of Plaintiffs' lawsuit was manufactured in Ecuador by another company and imported into the United States by Wanabana USA and distributed to locations in the United States.

162. The allegations in Paragraph 162 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 162 of the Complaint.

163. Paragraph 163 of the Complaint purports to describe statements on unidentified "advertisement and sale of Products." If these materials exist, their contents speak for themselves. The allegations in Paragraph 163 of the Complaint are otherwise denied.

164. Paragraph 164 of the Complaint purports to describe statements on unidentified "marketing campaign." If these materials exist, their contents speak for themselves. The allegations in Paragraph 164 of the Complaint are otherwise denied.

165. Paragraph 165 of the Complaint purports to describe statements on unidentified "representations and affirmations of fact and promises." If these materials exist, their contents speak for themselves. The allegations in Paragraph 165 of the Complaint are otherwise denied.

166. Wanabana USA denies the allegations in Paragraph 166 of the Complaint.

167. Wanabana USA denies the allegations in Paragraph 167 of the Complaint.

168. Wanabana USA denies the allegations in Paragraph 168 of the Complaint.

169. Wanabana USA denies the allegations in Paragraph 169 of the Complaint.

170. Wanabana USA denies the allegations in Paragraph 170 of the Complaint.

SQUIRE PATTON BOGGS (US) LLP
1100342949\4\AMERICAS

171.    Wanabana USA denies the allegations in Paragraph 171 of the Complaint.

172.    Wanabana USA denies the allegations in Paragraph 172 of the Complaint.

173.    Wanabana USA denies the allegations in Paragraph 173 of the Complaint.

174.    Wanabana USA denies the allegations in Paragraph 174 of the Complaint.

175.    Wanabana USA denies the allegations and that Plaintiffs are entitled to the relief described in Paragraph 175 of the Complaint.

### COUNT IV – BREACH OF IMPLIED WARRANTY

176.    Wanabana USA incorporates its allegations, admissions, and denials in paragraphs 1-141 of the Answer as if re-written here.   Wanabana USA objects to Plaintiffs' improper incorporation of previous counts in this Count as an improper shotgun pleading.

177.    Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have this case certified as a nationwide class action with certain state sub-classes, but Wanabana USA denies that the class certification requirements of Fed. R. Civ. P. 23 can be satisfied and states that Plaintiffs are not entitled to class certification.  Wanabana USA denies any remaining allegations contained in Paragraph 177 of the Complaint.

178.    The allegations in Paragraph 178 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 178 of the Complaint.

179.    The allegations in Paragraph 179 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 179 of the Complaint.

SQUIRE PATTON BOGGS (US) LLP

1100342949\4\AMERICAS

180.    The allegations in Paragraph 180 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 180 of the Complaint.

181.    The allegations in Paragraph 181 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 181 of the Complaint.

182.    Wanabana USA denies the allegations in Paragraph 182 of the Complaint.

183.    Wanabana USA states that the recalled WanaBana product that is the basis of Plaintiffs' lawsuit was manufactured in Ecuador by another company and imported into the United States by Wanabana USA and distributed to locations in the United States.  Wanabana USA denies the remaining allegations in Paragraph 183 of the Complaint.

184.    Wanabana USA denies the allegations in Paragraph 184 of the Complaint.

185.    Wanabana USA denies the allegations in Paragraph 185 of the Complaint.

186.    Wanabana USA denies the allegations in Paragraph 186 of the Complaint.

187.    Wanabana USA denies the allegations in Paragraph 187 of the Complaint.

188.    Paragraph 188 of the Complaint purports to describe statements by the FDA and the NCDHHS, the contents of which speak for themselves.  Wanabana USA otherwise denies the allegations in Paragraph 188 of the Complaint.

189.    Wanabana USA denies the allegations in Paragraph 189 of the Complaint.

190.    Wanabana USA denies the allegations in Paragraph 190 of the Complaint.

191.    Wanabana USA denies the allegations in Paragraph 191 of the Complaint.

192.    Wanabana USA denies the allegations and that Plaintiffs are entitled to the relief described in Paragraph 192 of the Complaint.

## COUNT V – FLORIDA DUTPA

193.     Wanabana USA incorporates its allegations, admissions, and denials in paragraphs 1-141 of the Answer as if re-written here.  Wanabana USA objects to Plaintiffs' improper incorporation of previous counts in this Count as an improper shotgun pleading.

194.     Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have this case certified as a nationwide class action with certain state sub-classes, including Florida, but Wanabana USA denies that the class certification requirements of Fed. R. Civ. P. 23 can be satisfied and states that Plaintiffs are not entitled to class certification.  Wanabana USA denies any remaining allegations contained in Paragraph 194 of the Complaint.

195.     The allegations in Paragraph 195 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 195 of the Complaint.

196.     The allegations in Paragraph 196 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 196 of the Complaint.

197.     Wanabana USA denies the allegations in Paragraph 197 (including all sub-parts) of the Complaint.

198.     Wanabana USA denies the allegations in Paragraph 198 of the Complaint.

199.     Wanabana USA denies the allegations in Paragraph 199 of the Complaint.

200.     Wanabana USA denies the allegations in Paragraph 200 of the Complaint.

201.     Wanabana USA denies the allegations in Paragraph 201 of the Complaint.

202.     Wanabana USA denies the allegations in Paragraph 202 of the Complaint.

SQUIRE PATTON BOGGS (US) LLP

203.    Wanabana USA denies the allegations and that Plaintiffs are entitled to the relief described in Paragraph 203 of the Complaint.

## COUNT VI – GEORGIA FBPA

204.    Wanabana USA incorporates its allegations, admissions, and denials in paragraphs 1-141 of the Answer as if re-written here.   Wanabana USA objects to Plaintiffs' improper incorporation of previous counts in this Count as an improper shotgun pleading.

205.    Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have this case certified as a nationwide class action with certain state sub-classes, including Georgia, but Wanabana USA denies that the class certification requirements of Fed. R. Civ. P. 23 can be satisfied and states that Plaintiffs are not entitled to class certification.  Wanabana USA denies any remaining allegations contained in Paragraph 205 of the Complaint.

206.    The allegations in Paragraph 206 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 206 of the Complaint.

207.    The allegations in Paragraph 207 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 207 of the Complaint.

208.    The allegations in Paragraph 208 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 208 of the Complaint.

209.    The allegations in Paragraph 209 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 209 of the Complaint.

SQUIRE PATTON BOGGS (US) LLP

1100342949\4\AMERICAS

210.     Wanabana USA denies the allegations in Paragraph 210 of the Complaint.

211.     Wanabana USA denies the allegations in Paragraph 211 of the Complaint.

212.     Wanabana USA denies the allegations in Paragraph 212 of the Complaint.

213.     Wanabana USA denies the allegations in Paragraph 213 (including all sub-parts) of the Complaint.

214.     Wanabana USA denies the allegations in Paragraph 214 of the Complaint.

215.     Wanabana USA denies the allegations in Paragraph 215 of the Complaint.

216.     Wanabana USA denies the allegations in Paragraph 216 of the Complaint.

217.     Wanabana USA denies the allegations in Paragraph 217 (including all sub-parts) of the Complaint.

218.     Wanabana USA denies the allegations in Paragraph 218 of the Complaint.

219.     Wanabana USA denies the allegations in Paragraph 219 of the Complaint.

220.     Wanabana USA denies the allegations in Paragraph 220 of the Complaint.

221.     Wanabana USA denies the allegations in Paragraph 221 of the Complaint.

222.     Wanabana USA denies the allegations in Paragraph 222 of the Complaint.

223.     Wanabana USA denies the allegations in Paragraph 223 of the Complaint.

224.     Wanabana USA denies the allegations and that Plaintiffs are entitled to the relief described in Paragraph 224 of the Complaint.

## COUNT VII – ILLINOIS CFDBPA

225.     Wanabana USA incorporates its allegations, admissions, and denials in paragraphs 1-141 of the Answer as if re-written here.   Wanabana USA objects to Plaintiffs' improper incorporation of previous counts in this Count as an improper shotgun pleading.

1100342949\4\AMERICAS

226.     Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have this case certified as a nationwide class action with certain state sub-classes, including Illinois, but Wanabana USA denies that the class certification requirements of Fed. R. Civ. P. 23 can be satisfied and states that Plaintiffs are not entitled to class certification.  Wanabana USA denies any remaining allegations contained in Paragraph 226 of the Complaint.

227.     The allegations in Paragraph 227 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 227 of the Complaint.

228.     The allegations in Paragraph 228 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 228 of the Complaint.

229.     Wanabana USA denies the allegations in Paragraph 229 of the Complaint.

230.     Wanabana USA denies the allegations in Paragraph 230 of the Complaint.

231.     Wanabana USA denies the allegations in Paragraph 231 of the Complaint.

232.     Wanabana USA denies the allegations in Paragraph 232 (including all sub-parts) of the Complaint.

233.     Wanabana USA denies the allegations in Paragraph 233 of the Complaint.

234.     Wanabana USA denies the allegations in Paragraph 234 (including all sub-parts) of the Complaint.

235.     Wanabana USA denies the allegations in Paragraph 235 of the Complaint.

236.     Wanabana USA denies the allegations in Paragraph 236 of the Complaint.

237.     Wanabana USA denies the allegations in Paragraph 237 of the Complaint.

238.     Wanabana USA denies the allegations in Paragraph 238 of the Complaint.

SQUIRE PATTON BOGGS (US) LLP

239.    Wanabana USA denies the allegations in Paragraph 239 of the Complaint.

240.    Wanabana USA denies the allegations in Paragraph 240 of the Complaint.

241.    Wanabana USA denies the allegations in Paragraph 241 of the Complaint.

242.    Wanabana USA denies the allegations in Paragraph 242 of the Complaint.

243.    Wanabana USA denies the allegations in Paragraph 243 of the Complaint.

244.    Wanabana USA denies the allegations and that Plaintiffs are entitled to the relief described in Paragraph 244 of the Complaint.

### COUNT VIII – MICHIGAN CPA

245.    Wanabana USA incorporates its allegations, admissions, and denials in paragraphs 1-141 of the Answer as if re-written here.   Wanabana USA objects to Plaintiffs' improper incorporation of previous counts in this Count as an improper shotgun pleading.

246.    Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have this case certified as a nationwide class action with certain state sub-classes, including Michigan, but Wanabana USA denies that the class certification requirements of Fed. R. Civ. P. 23 can be satisfied and states that Plaintiffs are not entitled to class certification.  Wanabana USA denies any remaining allegations contained in Paragraph 246 of the Complaint.

247.    The allegations in Paragraph 247 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 247 of the Complaint.

248.    The allegations in Paragraph 248 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 248 of the Complaint.

SQUIRE PATTON BOGGS (US) LLP

1100342949\4\AMERICAS

249.     Wanabana USA denies the allegations in Paragraph 249 (including all sub-parts) of the Complaint.

250.     Wanabana USA denies the allegations in Paragraph 250 of the Complaint.

251.     Wanabana USA denies the allegations in Paragraph 251 of the Complaint.

252.     Wanabana USA denies the allegations in Paragraph 252 of the Complaint.

253.     Wanabana USA denies the allegations in Paragraph 253 of the Complaint.

254.     Wanabana USA denies the allegations and that Plaintiffs are entitled to the relief described in Paragraph 254 of the Complaint.

**COUNT IX – NEW YORK UDTP**

255.     Wanabana USA incorporates its allegations, admissions, and denials in paragraphs 1-141 of the Answer as if re-written here.  Wanabana USA objects to Plaintiffs' improper incorporation of previous counts in this Count as an improper shotgun pleading.

256.     Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have this case certified as a nationwide class action with certain state sub-classes, including New York, but Wanabana USA denies that the class certification requirements of Fed. R. Civ. P. 23 can be satisfied and states that Plaintiffs are not entitled to class certification. Wanabana USA denies any remaining allegations contained in Paragraph 256 of the Complaint.

257.     The allegations in Paragraph 257 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 257 of the Complaint.

258.     Wanabana USA denies the allegations in Paragraph 258 of the Complaint.

259.     Wanabana USA denies the allegations in Paragraph 259 of the Complaint.

260.     Wanabana USA denies the allegations in Paragraph 260 of the Complaint.

**SQUIRE PATTON BOGGS (US) LLP**

261.   Wanabana USA denies the allegations in Paragraph 261 of the Complaint.

262.   Wanabana USA denies the allegations in Paragraph 262 of the Complaint.

263.   Wanabana USA denies the allegations in Paragraph 263 of the Complaint.

264.   Wanabana USA denies the allegations in Paragraph 264 of the Complaint.

265.   Wanabana USA denies the allegations and that Plaintiffs are entitled to the relief described in Paragraph 265 of the Complaint.

### COUNT X – NEW YORK FALSE ADVERTISING

266.   Wanabana USA incorporates its allegations, admissions, and denials in paragraphs 1-141 of the Answer as if re-written here.   Wanabana USA objects to Plaintiffs' improper incorporation of previous counts in this Count as an improper shotgun pleading.

267.   Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have this case certified as a nationwide class action with certain state sub-classes, including New York, but Wanabana USA denies that the class certification requirements of Fed. R. Civ. P. 23 can be satisfied and states that Plaintiffs are not entitled to class certification. Wanabana USA denies any remaining allegations contained in Paragraph 267 of the Complaint.

268.   The allegations in Paragraph 268 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 268 of the Complaint.

269.   The allegations in Paragraph 269 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 269 of the Complaint.

270.   Wanabana USA denies the allegations in Paragraph 270 of the Complaint.

271.   Wanabana USA denies the allegations in Paragraph 271 of the Complaint.

SQUIRE PATTON BOGGS (US) LLP

272.     Wanabana USA denies the allegations in Paragraph 272 of the Complaint.

273.     Wanabana USA denies the allegations in Paragraph 273 of the Complaint.

274.     Wanabana USA denies the allegations in Paragraph 274 of the Complaint.

275.     Wanabana USA denies the allegations in Paragraph 275 of the Complaint.

276.     Wanabana USA denies the allegations in Paragraph 276 of the Complaint.

277.     Wanabana USA denies the allegations in Paragraph 277 of the Complaint.

278.     Wanabana USA denies the allegations in Paragraph 278 of the Complaint.

279.     Wanabana USA denies the allegations in Paragraph 279 of the Complaint.

280.     Wanabana USA denies the allegations in Paragraph 280 of the Complaint.

281.     Wanabana USA denies the allegations and that Plaintiffs are entitled to the relief described in Paragraph 281 of the Complaint.

### COUNT XI – NORTH CAROLINA UDTPA

282.     Wanabana USA incorporates its allegations, admissions, and denials in paragraphs 1-141 of the Answer as if re-written here.  Wanabana USA objects to Plaintiffs' improper incorporation of previous counts in this Count as an improper shotgun pleading.

283.     Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have this case certified as a nationwide class action with certain state sub-classes, including North Carolina, but Wanabana USA denies that the class certification requirements of Fed. R. Civ. P. 23 can be satisfied and states that Plaintiffs are not entitled to class certification. Wanabana USA denies any remaining allegations contained in Paragraph 283 of the Complaint.

284.     The allegations in Paragraph 284 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 284 of the Complaint.

SQUIRE PATTON BOGGS (US) LLP

285.     Wanabana USA denies the allegations in Paragraph 285 of the Complaint.

286.     Wanabana USA denies the allegations in Paragraph 286 of the Complaint.

287.     Paragraph 287 of the Complaint purports to describe statements and/or omissions of Wanabana USA.  If such statements or omissions exist, their contents speak for themselves. The allegations in Paragraph 287 of the Complaint are otherwise denied.

288.     Wanabana USA denies the allegations in Paragraph 288 of the Complaint.

289.     Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289 of the Complaint and therefore denies them.

290.     Wanabana USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290 of the Complaint and therefore denies them.

291.     Wanabana USA denies the allegations in Paragraph 291 of the Complaint.

292.     Wanabana USA denies the allegations in Paragraph 292 of the Complaint.

293.     Wanabana USA denies the allegations in Paragraph 293 of the Complaint.

294.     Wanabana USA denies the allegations in Paragraph 294 of the Complaint.

295.     Wanabana USA denies the allegations and that Plaintiffs are entitled to the relief described in Paragraph 295 of the Complaint.

### COUNT XII – OREGON UTPA

296.     Wanabana USA incorporates its allegations, admissions, and denials in paragraphs 1-141 of the Answer as if re-written here.  Wanabana USA objects to Plaintiffs' improper incorporation of previous counts in this Count as an improper shotgun pleading.

297.     Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have this case certified as a nationwide class action with certain state sub-classes, including Oregon, but Wanabana USA denies that the class certification requirements of Fed. R.

SQUIRE PATTON BOGGS (US) LLP

Civ. P. 23 can be satisfied and states that Plaintiffs are not entitled to class certification. Wanabana USA denies any remaining allegations contained in Paragraph 297 of the Complaint.

298.    The allegations in Paragraph 298 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 298 of the Complaint.

299.    The allegations in Paragraph 299 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 299 of the Complaint.

300.    The allegations in Paragraph 300 (including all sub-parts) of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 300 of the Complaint.

301.    The allegations in Paragraph 301 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 301 of the Complaint.

302.    Wanabana USA denies the allegations in Paragraph 302 of the Complaint.

303.    Wanabana USA denies the allegations in Paragraph 303 of the Complaint.

304.    Wanabana USA denies the allegations in Paragraph 304 (including all sub-parts) of the Complaint.

305.    Wanabana USA denies the allegations in Paragraph 305 of the Complaint.

306.    Wanabana USA denies the allegations in Paragraph 306 of the Complaint.

307.    Wanabana USA denies the allegations in Paragraph 307 of the Complaint.

308.    Wanabana USA denies the allegations in Paragraph 308 of the Complaint.

309.    Wanabana USA denies the allegations in Paragraph 309 of the Complaint.

310.    Wanabana USA denies the allegations in Paragraph 310 of the Complaint.

311.    Wanabana USA denies the allegations in Paragraph 311 of the Complaint.

312.    Wanabana USA denies the allegations in Paragraph 312 of the Complaint.

313.    Wanabana USA denies the allegations and that Plaintiffs are entitled to the relief described in Paragraph 313 of the Complaint.

## COUNT XIII – PENNSYLVANIA UTPCPL

314.    Wanabana USA incorporates its allegations, admissions, and denials in paragraphs 1-141 of the Answer as if re-written here.  Wanabana USA objects to Plaintiffs' improper incorporation of previous counts in this Count as an improper shotgun pleading.

315.    Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have this case certified as a nationwide class action with certain state sub-classes, including Pennsylvania, but Wanabana USA denies that the class certification requirements of Fed. R. Civ. P. 23 can be satisfied and states that Plaintiffs are not entitled to class certification. Wanabana USA denies any remaining allegations contained in Paragraph 315 of the Complaint.

316.    The allegations in Paragraph 316 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 316 of the Complaint.

317.    The allegations in Paragraph 317 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 317 of the Complaint.

318.    The allegations in Paragraph 318 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 318 of the Complaint.

319.    The allegations in Paragraph 319 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 319 of the Complaint.

320.    Wanabana USA denies the allegations in Paragraph 320 of the Complaint.

321.    Wanabana USA denies the allegations in Paragraph 321 of the Complaint.

322.    Wanabana USA denies the allegations in Paragraph 322 (including all sub-parts) of the Complaint.

323.    Wanabana USA denies the allegations in Paragraph 323 of the Complaint.

324.    Wanabana USA denies the allegations in Paragraph 324 of the Complaint.

325.    Wanabana USA denies the allegations in Paragraph 325 of the Complaint.

326.    Wanabana USA denies the allegations in Paragraph 326 of the Complaint.

327.    Wanabana USA denies the allegations in Paragraph 327 of the Complaint.

328.    Wanabana USA denies the allegations in Paragraph 328 of the Complaint.

329.    Wanabana USA denies the allegations in Paragraph 329 of the Complaint.

330.    Wanabana USA denies the allegations in Paragraph 330 of the Complaint.

331.    Wanabana USA denies the allegations and that Plaintiffs are entitled to the relief described in Paragraph 331 of the Complaint.

## COUNT XIV – WASHINGTON CPA

332.    Wanabana USA incorporates its allegations, admissions, and denials in paragraphs 1-141 of the Answer as if re-written here. Wanabana USA objects to Plaintiffs' improper incorporation of previous counts in this Count as an improper shotgun pleading.

333.    Wanabana USA admits only that Plaintiffs allege in the Complaint that they will attempt to have this case certified as a nationwide class action with certain state sub-classes,

including Washington, but Wanabana USA denies that the class certification requirements of Fed. R. Civ. P. 23 can be satisfied and states that Plaintiffs are not entitled to class certification. Wanabana USA denies any remaining allegations contained in Paragraph 333 of the Complaint.

334.    Wanabana USA denies the allegations in Paragraph 334 of the Complaint.

335.    Wanabana USA denies the allegations in Paragraph 335 of the Complaint.

336.    Wanabana USA denies the allegations in Paragraph 336 of the Complaint.

337.    Wanabana USA denies the allegations in Paragraph 337 of the Complaint.

338.    The allegations in Paragraph 338 of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 338 of the Complaint.

339.    Wanabana USA denies the allegations in Paragraph 339 of the Complaint.

340.    The allegations in Paragraph 340 (including all sub-parts) of the Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, Wanabana USA denies the allegations in Paragraph 340 of the Complaint.

341.    Wanabana USA denies the allegations in Paragraph 341 of the Complaint.

342.    Wanabana USA denies the allegations in Paragraph 342 of the Complaint.

343.    Wanabana USA denies the allegations in Paragraph 343 of the Complaint.

344.    Wanabana USA denies the allegations in Paragraph 344 of the Complaint.

345.    Wanabana USA denies the allegations in Paragraph 345 of the Complaint.

346.    Wanabana USA denies the allegations in Paragraph 346 of the Complaint.

347.    Wanabana USA denies the allegations in Paragraph 347 of the Complaint.

348.    Wanabana USA denies the allegations and that Plaintiffs are entitled to the relief described in Paragraph 348 of the Complaint.

SQUIRE PATTON BOGGS (US) LLP

1100342949\4\AMERICAS

## PRAYER FOR RELIEF

Wanabana USA denies that Plaintiffs are entitled to the relief sought in the Prayer for Relief or to any relief whatsoever.

## SEPARATE DEFENSES

Discovery and investigation may reveal that one or more of the following separate defenses are available to Wanabana USA in this matter. Wanabana USA, therefore, asserts these separate defenses in order to preserve the right to assert them. After further discovery, and if the facts warrant, Wanabana USA may withdraw one or more of these separate defenses as may be appropriate. Further, Wanabana USA reserves the right to amend its Answer and assert and pursue other claims and defenses as the facts may warrant.

## FIRST DEFENSE

Plaintiffs' injuries and damages, if any, were proximately caused in whole or in part by the negligence or fault of third parties, including Negocios Asociados Mayoristas S.A., operating as Negasmart, as well as other third parties or persons or parties whose identities are unknown at this time, and Plaintiffs. Such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiffs' recovery. Thus, Wanabana USA is entitled to have its liability to Plaintiffs, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of section 768.81, Florida Statutes. To the extent any recovery is permitted in this case, pursuant to sections 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Wanabana USA's percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability. The persons or entities referred to in this paragraph that are presently unknown to Wanabana USA will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

## SECOND DEFENSE

Plaintiffs' Complaint fails, in whole or part, to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiffs' alleged injuries attributable to the use of the recalled WanaBana product in this case, if any, were not legally caused by the recalled WanaBana product, but instead were legally caused by intervening and superseding causes or circumstances.

## FOURTH DEFENSE

Plaintiffs' alleged damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

## FIFTH DEFENSE

Plaintiffs' causes of action are barred by the applicable statutes of limitation, statutes of repose, doctrines of laches and/or estoppel.

## SIXTH DEFENSE

Upon information and belief, if Plaintiffs incurred any injuries or damages as a result of the use of the recalled WanaBana product, which Wanabana USA denies, such injuries or damages were due to an idiosyncratic or idiopathic reaction to the recalled WanaBana product, or by an unforeseeable or pre-existing condition, without any negligence or culpable conduct by Wanabana USA.

## **SEVENTH DEFENSE**

Even if there was negligence or other fault on its part in connection with the recalled WanaBana product at issue, which Wanabana USA expressly denies, such negligence or fault was not the proximate or producing cause of the alleged injuries or damage.

## **EIGHTH DEFENSE**

To the extent Plaintiffs seek punitive or exemplary damages against Wanabana USA, such damages are not permitted under controlling law.

## **NINTH DEFENSE**

To the extent Plaintiffs seek punitive or exemplary damages against Wanabana USA, unless Wanabana USA's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Wanabana USA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the state constitution of any State of the United States whose laws might be deemed to apply in this case, and would be improper under the common law and public policies of that state.

## **TENTH DEFENSE**

To the extent Plaintiffs seek punitive or exemplary damages against Wanabana USA, any such claim for punitive damages against Wanabana USA cannot be maintained, because an award of punitive damages under applicable law would be unlawful and unauthorized, and would be void for vagueness, both facially and as applied, as a result of, among other deficiencies, the absence of adequate notice of what conduct is subject to punishment; the absence of adequate notice of what punishment may be imposed; and the absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages

**SQUIRE PATTON BOGGS (US) LLP**

that a jury may impose, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, and by the applicable state constitution, and the common law and public policies of that state.

### ELEVENTH DEFENSE

To the extent Plaintiffs seek punitive or exemplary damages against Wanabana USA, any such claim for punitive damages against Wanabana USA cannot be maintained, because any award of punitive damages under applicable law would be by a jury that: (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Wanabana USA, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is permitted to award punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, if any, to Plaintiffs, (6) is permitted to award punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any and (7) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Wanabana USA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process and equal protection

provisions of the constitution of any State of the United States whose laws might be deemed to apply in this case, and would be improper under the common law and public policies of that state.

### TWELFTH DEFENSE

The injuries and damages claimed by Plaintiffs, if any, were caused in whole or in part by the acts or omissions of persons over whom Wanabana USA has no control or right of control.

### THIRTEENTH DEFENSE

Plaintiffs have failed to plead allegations of fraudulent concealment with the particularity required by the Federal Rules of Civil Procedure.

### FOURTEENTH DEFENSE

Wanabana USA is entitled to a set-off for the amount of any monies that has been or will be paid to Plaintiffs in settlement of claims with others.

### FIFTEENTH DEFENSE

Wanabana USA is entitled to a set-off for the amount of any monies that has been or will be paid to Plaintiffs as part of any refund received.

### SIXTEENTH DEFENSE

Plaintiffs failed to join indispensable parties as Defendants in this action.

### SEVENTEENTH DEFENSE

Plaintiffs' recovery against Wanabana USA is barred, diminished or reduced to the extent that Plaintiffs' alleged damages were caused by unforeseeable acts or omissions and Wanabana USA exercised due care with respect to foreseeable acts and omissions.

### EIGHTEENTH DEFENSE

To the extent the dangerous condition alleged in the Complaint did, in fact, exist, Wanabana USA had no knowledge or adequate knowledge of it.

SQUIRE PATTON BOGGS (US) LLP
1100342949\4\AMERICAS

## NINETEENTH DEFENSE

Plaintiffs' claims and causes of action are barred in whole or in part because the recalled WanaBana product allegedly purchased by Plaintiffs conformed to the then-existing state of the art with respect to testing, design, manufacture and sale, including with respect to any warning requirement.

## TWENTIETH DEFENSE

Plaintiffs' claims against Wanabana USA are barred because Wanabana USA did not manufacture the recalled WanaBana product at issue, acquired the recalled WanaBana product (if at all) in a sealed container, and had no knowledge of, nor could it discover, the alleged defect in the WanaBana product.

## TWENTY-FIRST DEFENSE

Plaintiffs knowingly and voluntarily assumed any and all risks associated with the use of the recalled WanaBana product at issue in this case and such assumption of the risks bars in whole or in part the damages Plaintiffs seek to recover in this case.

## TWENTY-SECOND DEFENSE

This Court lacks personal jurisdiction over Wanabana USA, and accordingly it should be dismissed from the lawsuit.

## TWENTY-THIRD DEFENSE

Wanabana USA did not make to Plaintiffs, nor did it breach, any express or implied warranties and/or breach any warranties created by law. To the extent that Plaintiffs rely on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with Wanabana USA and/or failure of Plaintiffs, or Plaintiffs' representatives, to give timely notice to Wanabana USA of any alleged breach of warranty. Wanabana USA further specifically pleads as

SQUIRE PATTON BOGGS (US) LLP

to any breach of warranty claim all defenses under the Uniform Commercial Code existing and which may arise in the future.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the alteration, modification, misuse or unforeseeable use by third-parties of the product at issue.

## TWENTY-FIFTH DEFENSE

Certain of Plaintiffs' claims and remedies and the defenses thereto are governed by the laws of a foreign jurisdiction, i.e., a state other than that where the original suit was filed, or the laws of the United States.  Wanabana USA specifically pleads all affirmative defenses available to it under the rules and statutes of any state whose law is deemed to apply in this case, and under any common law principles of any state whose law is deemed to apply in this case.

## TWENTY-SIXTH DEFENSE

Plaintiffs failed to satisfy conditions precedent to the warranty claims.

## TWENTY-SEVENTH DEFENSE

Plaintiffs lack standing, in whole or in part, to pursue the claims for relief in the Complaint.

## TWENTY-EIGHTH DEFENSE

Plaintiffs may not recover under a theory of unjust enrichment because Plaintiffs failed to allege any cognizable "enrichment" of Wanabana USA.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims fail due to prior knowledge.

## THIRTIETH DEFENSE

Plaintiffs' tort claims are barred by the economic loss doctrine.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims for relief are not capable of certification as a class action in accordance with Fed. R. Civ. P. 23.

### THIRY-SECOND DEFENSE

Plaintiffs' proposed nationwide class is improper.

### THIRTY-THIRD DEFENSE

Plaintiffs' proposed state law based sub-classes are improper.

### DEFENSES RESERVED

Wanabana USA hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter, and hereby reserves its right to amend its Answer to assert any such defenses.

WHEREFORE, Wanabana USA requests that the Class Action Complaint, and all claims alleged therein, be dismissed with prejudice and that Wanabana USA be granted any other relief to which it may be entitled.

### JURY DEMAND

Wanabana USA requests a trial by jury on all issues so triable.

Dated:  February 29, 2024                     Respectfully submitted,

                                              */s/ Andrew R. Kruppa*
                                              Andrew R. Kruppa
                                              Florida Bar Number 63958
                                              andrew.kruppa@squirepb.com
                                              Amanda E. Preston
                                              Florida Bar Number 123652
                                              amanda.preston@squirepb.com
                                              Bradley W. Crocker
                                              Florida Bar Number 118616
                                              bradley.crocker@squirepb.com
                                              **SQUIRE PATTON BOGGS (US) LLP**
                                              200 South Biscayne Blvd.,
                                              Suite 3400
                                              Miami, Florida 33131

**SQUIRE PATTON BOGGS (US) LLP**

Telephone: (305) 577-7000

*Counsel for Wanabana USA  LLC and
Wanabana LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF and

by electronic mail on February 29, 2024, on all counsel or parties of record.

<u>*/s/ Andrew R. Kruppa*</u>
Andrew R. Kruppa

1100342949\4\AMERICAS